COOK (WOODWORTH v.). See Case No. 18,-011.

COOK COUNTY (WALWORTH v.). See Case No. 17,136.

COOK COUNTY NAT. BANK (UNITED STATES v.). See Case No. 14,853.

## Case No. 3,167.

### In re COOKE et al.

[30 Leg. Int. 404.][1]

District Court, E. D. Pennsylvania. Nov. 26, 1873.

RECEIVER IN BANKRUPTCY.

[Where there is delay in the prosecution of proceedings in bankruptcy, a receiver may be appointed to conserve the estate.]

In the matter of the bankruptcy of Jay Cooke & Co., the following order has been made:

"Certain creditors asking for the appointment of a receiver, and the bankrupts assenting thereto, it is considered that by reason of the delay of the original petitioning creditors to prosecute their application, and by reason of the intervening writing of October 1st, 1873, such appointment is proper and necessary. Therefore, Edwin M. Lewis, of the city of Philadelphia, Esquire, is appointed receiver of the estate of the bankrupts, with all the usual powers, rights, duties, and responsibilities of a receiver appointed by a court of equity. The bankrupts will forthwith account to him for all their and any or either of their property, real and personal, moneys, rights, credits and effects; the accounts to be taken from the commencement of the proceedings on the 25th of September last, and from such earlier period or periods if any, as may, as to any item or

items, be necessary. The receiver will take possession of and keep the said estate under the order and direction of the court, subject to the operation and effect of the warrant. All books and papers of, or concerning the business, etc., of the bankrupts, or any of them, will be placed in the register's office, or where the register may direct, and remain under the control of the receiver, and open to the inspection of parties interested. Any corporeal property in the marshal's custody under the warrant may remain in such custody till further direction. The receiver will, if the marshal shall require it, assist him in making the inventory or appraisement, etc., and in the execution of any other duties under the warrant, and will, if the register shall require it, assist in supervising the schedules exhibited by the bankrupts; and will from time to time report either directly to the court, or through the register, whatever may be necessary or useful to promote the best interest of the creditors. All moneys will be forthwith deposited, etc., in like manner as the receipts or collections of assignees in bankruptcy. The receiver will account weekly to the register, and finally to the assignee, or as the court may direct. The final account of the receiver will be taken before, and audited, settled, and adjusted by, the register, unless the court shall otherwise direct. If the bankrupts, or any or either of them, have, or has, at any time or times, made any conveyance, transfer, payment, or appropriation otherwise than in the regular course of business for valuable consideration, or in the expense of living, or family expenses, the receiver will, through the register, report the same. If any person claiming under the bankrupts, or any or either of them, and asserting any right or pretence of right not prior to the said 25th of September, 1873, shall refuse or neglect to account to the receiver when requested, the receiver may obtain from the clerk's office a citation returnable within five days, or earlier, if the court shall so direct, requiring of such refusing or neglecting person to account in the premises, or show cause why he should not be summarily compelled to do so. The appointment of the receiver will not be permitted by the register to cause any retardment of the first meeting of creditors, or postponement of the choice or appointment and qualification of the assignee, or to cause any delay whatever of the proceedings in the bankruptcy. The register will so conduct and regulate them that the duties of the receiver may terminate as soon as possible by the substitution of an assignee or otherwise. The printing of any papers, if it will facilitate or expedite any business of the bankruptcy, or of the receivership, may be ordered by the register or receiver, respectively."

Joseph Mason, Esq., is the register.

[1] [Reprinted by permission.]